

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXX
ATTORNEY GENERAL

May 12, 1939

Honorable E. B. Lewis
County Attorney
Rusk, Texas

Dear Sir:

Opinion No. O-791
Re: Whether the employment as a teacher
in a public school of a daughter
of a half-sister of a trustee is
forbidden by Article 432, Penal
Code.

We are in receipt of your letter of May 8, 1939, where-
in you request our opinion as to whether Article 432, Penal
Code, would be violated by the employment as a teacher in an
independent school district of the daughter of a half-sister
of one of the trustees of said district.

SAid Article 432 reads as follows:

"No officer of this State or any officer of
any district, county, city, precinct, school dis-
trict, or other municipal subdivision of this
State, or any officer or member of any State, dis-
trict, county, city, school district or other
municipal board, or judge of any court, created
by or under authority of any general or special
law of this State, or any member of the Legisla-
ture, shall appoint, or vote for, or confirm the
appointment to any office, position, clerkship,
employment or duty, of any person related within
the second degree by affinity or within the third
degree by consanguinity to the person so appoint-
ing or so voting, or to any other member of any
such board, the Legislature, or court of which
such person so appointing or voting may be a mem-
ber, when the salary, fees or compensation of such
appointee is to be paid for, directly or indirect-
ly, out of or from public funds or fees of office
of any kind or character whatsoever. Acts 1909,
p. 85, Acts 1915, p. 149."

The statute plainly applying to the employment of
school teachers by boards of trustees of school districts,
the question which you present to us is the effect produced

upon the degree of relationship by the fact that the proposed teacher's mother is only a half-sister of the school trustee instead of being a full sister. Collateral consanguinity is the relation subsisting among persons who descend from the same common ancestor but not from each other. Lineal consanguinity is that relationship which exists among persons where one is decended from the other. In computing the degree of lineal consanguinity existing between two persons every generation in the direct course of relationship between the two parties makes a degree. Thus, brothers are related in the first degree. The mode of computing degrees of collateral consanguinity is to begin with the common ancestor and reckon downwards and the degree the two persons or the more remote of them is distant from the ancester is the degree of kinship between them. Thus, an uncle and a nephew are related in the second degree. First cousins are related by consanguinity in the second degree. T. T. R. R. Co. v. Overton, 1 App. C. C., Section 533.

In the cause which you submit to us, either the mother or father of the trustee is the grandparent of the proposed teacher. Thus, one person is the common ancestor of both the trustee and the proposed teacher, satisfying the above recognized test. Reckoning downwards from that common ancestor to the teacher, we find that the teacher is related to the trustee in the second degree by consanguinity. We have found no case prescribing as a test that the reckoning downwards must begin with the point where the parties have two common ancestors and we believe that none will be found.

The trustee is related to his half-niece by consanguinity in the second degree and the employment is forbidden by the above statute.

Yours very truly

ATTORNEY GENERAL OF TEXAS

GRL:FL:wc

By s/Glenn R. Lewis
Glenn R. Lewis

APPROVED
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY G. R. L.  CHAIRMAN